GRANITEVILLE COMPANY, Appellant, v FIRST NATIONAL TRADING Co., INC., et al., Respondents.

Graniteville Company began an arbitration against First National Trading Co., Inc. to resolve a dispute arising out of a contract for the sale by First National of Graniteville of cotton fabric. After its resale to the respondent Stutz Horowitz Co., Inc. and subsequent resale to respondent Berkshire Corporation, the goods were found to be defective. The agreements all contained broad arbitration clauses and pursuant thereto various arbitration proceedings were brought and consolidated. After a hearing in which all the parties participated, the arbitrators rendered a unanimous award, basically directing respondent First National to pay Graniteville $57,518.12 inclusive of interest "for defective fabric".

The IAS court, in denying the motion to confirm the award, found that "the contract between the parties which contained a disclaimer of warranty of fitness for a particular purpose, and clauses which limited the time for breach of warranty claims based on latent defects to ninety days after the invoice date, and provided that processing constitutes acceptance and waiver of a claim" was ignored by the arbitrators. It further found that: "[t]he arbitrators not only ignored all of these provisions, they also disregarded relevant evidence and the applicable provisions of the Uniform Commercial Code 2-315 and the textile industries' Worth Street Textile Market Rules."

Upon an analysis of the facts pertaining to the intended use of the fabric by the respective parties, the IAS court found the award was "irrational", in essence "imposing a new contract" upon the parties. It held, accordingly, that the award should be vacated.

The findings, and hence, the disposition of the IAS court were erroneous and in direct violation of principles laid down by the Legislature and the Court of Appeals with respect to the arbitration of claims.

In fact, in a case quoted by the IAS court, the Court of Appeals has specifically noted: "Moreover, absent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence (Lentine v Fundaro, 29 NY2d 382). He may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of the agreement, even though the award exceeds the remedy requested by the parties * * * His award will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or

disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power". *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308.)

The IAS court made findings of fact concerning the parties' knowledge and acts. It cited and relied upon various provisions of the parties' contract, the Uniform Commercial Code, and a trade association's market rules in making its conclusions of law. Under the circumstances, this violated the clear mandate of the Legislature that the courts should *not* be involved in the merits of the dispute *(see,* CPLR art 75; *Matter of Silverman [Benmor Coats], supra,* at 307).

Far from being "irrational" and "imposing a new contract upon the parties", the award directed payment of $57,518.12 inclusive of interest, pursuant to a contract of sale for $39,168 entered into more than four years before. An arbitration award will be confirmed if any plausible basis exists for the award and mere errors of law or fact will not suffice as a basis for vacatur. *(Matter of Silverman [Benmor Coats], supra.)* Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.