■ In the Matter of the Arbitration between DEMBER CONSTRUCTION CORPORATION, Formerly INNOVAX-EAST CONSTRUCTION CORP., Respondent, and NEW YORK UNIVERSITY, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Carol Arber, J.), entered March 17, 1992, which *inter alia,* denied respondent's cross-motion to vacate an arbitration award, unanimously affirmed, with costs. The appeals from the orders of the same court, entered December 26, 1991 and March 12, 1992, unanimously dismissed as subsumed within the appeal from the aforesaid order and judgment, without costs.

Respondent waived its right to contest the arbitrators' authority to determine whether the dispute was arbitrable by actively participating in the arbitration for more than two years rather than promptly seeking a judicial determination of the arbitrability issue once it became clear that petitioner was raising non-arbitrable claims in the arbitration proceeding *(Matter of State of New York [Civil Serv. Empls. Assn.],* 148 AD2d 790). The award was neither irrational nor exceeded the arbitrators' authority. Arbitrators are not bound by principles of substantive law or by rules of evidence and may do justice as they see it *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). Nor did respondent meet its heavy burden of showing arbitrator misconduct or partiality by clear and convincing proof *(Brewster Excavating Corp. v Chester Woods Assocs.,* 162 AD2d 490). We have reviewed respondent's remaining arguments and find them to be without merit. Concur —Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.

■ MOHAMED SHATARAT, Appellant, v GSL ENTERPRISES, INC., et al., Respondents and Third-Party Plaintiffs-Respondents. TRU-BITZ ELECTRIC, INC., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (Robert S. Rose, J.), entered January 31, 1992, which, upon a jury verdict in favor of defendants, dismissed the complaint and the third-party complaint, unanimously affirmed, without costs.

Given the extremely contradictory nature of the proof at trial the jury could rationally conclude that while plaintiff had fallen from the ladder, the ladder did not break or collapse as claimed and defendants did not violate Labor Law § 240 (1) *(see, Silva v 81st St. & Ave. A Corp.,* 169 AD2d 402, 404-405, *lv denied* 77 NY2d 810). Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.