■ In the Matter of the Arbitration between H. WARSHOW & SONS, INC., Appellant, and BAZAK INTERNATIONAL CORP., Respondent. [599 NYS2d 34] —Judgment (denominated an order and judgment) of Supreme Court, New York County (Stanley Parness, J.), entered September 25, 1992, which denied the petition seeking confirmation of an arbitration award and granted respondent's motion to vacate the award, unanimously reversed, on the law, the petition granted, and the award confirmed, with costs.

In this literally run-of-the-mill dispute involving the sale of 9000 yards of black fabric by petitioner ("Warshow") to respondent ("Bazak"), the transaction was memorialized in a shipping order form dated September 6, 1990, signed by both parties, which contained a broad arbitration clause providing that "[a]ny controversy or claim" be submitted to a designated tribunal, the General Arbitration Council of the Textile and Apparel Industries ("GAC"). The order form specified the particular fabric shade, and shipping dates of not later than October 6, 13, 20, 27 and November 13. Four days later, on September 10, Warshow issued a second order, substituting a different shade of black and providing new shipping dates of not later than October 13, 20, 27, November 3 and 10.

Bazak did not object to the superseding order until October 23, eight days after Warshow's delivery of the first 3813 yards, when it informed Warshow in writing that the color was unusable. The letter purported to cancel "all outstanding orders", although the second shipment of 1543.1 yards of fabric followed just two days later. The invoice for the third shipment of 2943.5 yards, dated November 2, was marked "PACK & HOLD".

When Bazak refused to pay the invoices, Warshow de-

manded arbitration. A panel of three GAC arbitrators awarded damages to Warshow in the sum of $54,643.36 (the invoiced amount on the first two shipments, plus a discounted allowance on the third shipment).

In ruling upon Warshow's motion to confirm and Bazak's cross motion to vacate this award, the IAS Court held, contrary to the reasoning of the arbitrators, that the September 10 document was a nullity, and that the arbitration panel exceeded its powers, thereby producing an irrational award. We disagree.

In our view, the question of whether the September 10 order constituted an effective modification of the September 6 order was entirely a question for the arbitrators to resolve. As stated in *Matter of Schlaifer v Sedlow* (51 NY2d 181, 185), "Once the parties to a broad arbitration clause have made a valid choice of forum, as here, *all questions with respect to the validity and effect of subsequent documents purporting to work a modification* or termination of the substantive provisions of their original agreement *are to be resolved by the arbitrator.*" (Emphasis added.)

In holding the "modification" ineffective, the IAS Court simply intruded upon the merits of the dispute, a course entirely beyond the narrow scope of its permissible review *(Graniteville Co. v First Natl. Trading Co.,* 179 AD2d 467, *lv denied* 79 NY2d 759).

Nor was the failure of Warshow to annex the September 10 amendment to its demand for arbitration fatal to its position, despite the GAC rules requiring all such documentation to be so annexed; the ultimate consequence of that omission was also entirely for the arbitration panel *(Matter of Woodcrest Fabrics [Taritex, Inc.],* 98 AD2d 52, 54; *see also, Matter of Langston Enters. [Diamond Rug & Carpet Mills],* 95 AD2d 740, 741). We note that Bazak fully argued this procedural point before the arbitration panel, and that a continuance of the hearing on the ground of surprise was never requested. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.