■ In the Matter of BERYL W. PERKINS et al., Appellants, v GRUNTAL & CO., INC., et al., Respondents. [603 NYS2d 466] — Order, Supreme Court, New York County (Burton S. Sherman, J.), entered on or about August 19, 1992, denying petitioners' motion to vacate an arbitration award, and granting respondents' cross-motion to dismiss the petition and to confirm the arbitration award, unanimously affirmed, without costs.

The IAS Court properly determined that there was no showing by clear and convincing evidence of misconduct in the appointment of the "securities panel" arbitrator (see, Matter of Dember Constr. Corp. [New York Univ.], 190 AD2d 537). New York Stock Exchange Guidelines for Classification of Arbitrators provide that "[i]ndividuals who have spent a substantial part of their business careers in the securities industry shall always be classified as industry arbitrators". The record indicates that the appointment of the arbitrator as an industry representative complied with this guideline because he had substantial employment experience as, among other things, a securities broker, a supervisor of trading in securities, and a manager of the investment portfolio of the U.S. Postal Service. Moreover, we note that petitioners never challenged the arbitrator's qualifications when the brief profile of his industry experience was provided. Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.