■ DANNY LEE, Appellant, v OMNI BERKSHIRE PLACE HOTEL, Respondent. [753 NYS2d 838] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered

on or about January 29, 2002, which denied petitioner room service waiter's application to vacate an arbitration award sustaining respondent hotel's discharge of petitioner for inserting an unauthorized gratuity on a guest's check, and dismissed the petition, unanimously affirmed, without costs.

Giving petitioner's allegations concerning the evidence adduced at the arbitration hearing the benefit of every favorable inference, and accepting his claim that under no fair interpretation thereof could a finding be made that he, not his supervisor, inserted the unauthorized gratuity on the check, the petition fails to allege facts sufficient to show arbitrator partiality or other ground for vacating the award. Errors of fact or law do not demonstrate partiality (*cf. Matter of Provenzano [Motor Vehicle Acc. Indem. Corp.]*, 28 AD2d 528), or of any other ground for vacating an award (*cf. Graniteville Co. v First Natl. Trading Co.*, 179 AD2d 467, *lv denied* 79 NY2d 759). Here, the question put to the arbitrator was whether it was petitioner who inserted the gratuity on the check. His award clearly answered that question, finally disposed of the controversy and is not judicially reviewable for lack of evidentiary support. In any event, assuming there can be situations in which an inference of partiality is compelled by the nature of the evidence adduced at the arbitration hearing (*cf. Matter of Torano [Motor Vehicle Acc. Indem. Corp.]*, 19 AD2d 356, 358, *affd* 15 NY2d 882), here the question submitted raised obvious credibility issues that, if resolved against petitioner, plainly warrant the award against him. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.