■ In the Matter of the Arbitration between DANIEL J. WAER, Respondent, and DEREK WINNIE, Doing Business as DICK WINNIE AUTO SALES, et al., Appellants. [798 NYS2d 179]—

Mercure, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered March 22, 2004 in Greene County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

An "Agreement and Bill of Sale" reflects that on July 5, 2000, petitioner purchased a used 1996 vehicle from Dick Winnie Auto Sales. Petitioner experienced significant problems with the vehicle's transmission, and ultimately requested arbitration under the Used Car Lemon Law (*see* General Business Law § 198-b). Following a hearing, the arbitrator awarded petitioner the full purchase price of the vehicle plus certain fees and sales taxes, totaling $16,050. Thereafter, petitioner and Dick Winnie Auto Sales agreed to settle the award for $13,250. That agreement was never brought to fruition, however, and petitioner commenced this proceeding in Supreme Court to confirm the arbitrator's award. Supreme Court confirmed the award, respondents appeal, and we affirm.

None of the issues raised by respondents requires extended discussion. There was an accord but there was not full performance, and thus, petitioner was entitled to abandon the agreed-upon settlement and seek confirmation of the arbitrator's award (*see* General Obligations Law § 15-501 [3]; *Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383 [1993]; *cf. Environmental Prods. & Servs. v Consolidated Rail Corp.*, 285 AD2d 700, 702 [2001]). Next, Supreme Court did not exceed its authority in rejecting respondent Derek Winnie's claim that he was not a proper party to the proceeding to confirm the arbitrator's award, as the record reveals that the formal distinction between respondents was not observed by them during their course of dealing with petitioner. Nor did Supreme Court overstep its bounds by finding that respondents had not provided evidence in support of their defense to the amount of the arbitration award, which rested upon respondents' assertion that the value of the vehicle had been diminished subsequent to the issuance of the arbitrator's award (*compare Graniteville Co. v First Natl. Trading Co.*, 179 AD2d 467 [1992], *lv denied* 79 NY2d 759 [1992]).

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.