■ In the Matter of CARROLL E. HAYNES, as President of City Employees Union Local 237, International Brotherhood of

Teamsters, AFL-CIO, et al., Appellants, v NEW YORK CITY DE-
PARTMENT OF HOMELESS SERVICES et al., Respondents. [812 NYS2d
483]—

Order and judgment (one paper), Supreme Court, New York
County (Michael D. Stallman, J.), entered August 12, 2004,
which granted petitioners' motion to confirm an arbitration
award dated February 12, 2003, but only to the extent that it
awarded three compensatory salary days for "heat days" for the
year 2000 and vacated the same award for the years 2001 and
2002, unanimously modified, on the law, to confirm the award
in its entirety and, except as thus modified, affirmed, without
costs or disbursements.

No grounds cognizable by CPLR 7511 (b)—misconduct, fraud
or corruption in the procurement of the award, total irrational-
ity of the award, the arbitrator's acting in excess of jurisdiction
or partiality—were alleged so as to justify rejection of any part
of the arbitration award. There is no basis on which to find
misconduct on the part of petitioners in misrepresenting to the
arbitrator the extent of the determination reached in an earlier
grievance brought by a similarly situated grievant as to her
entitlement to a "heat days" benefit. The arbitrator found the
representation as to the prior determination to be dispositive of
the issue before her. The issue of misconduct on petitioners'
part in procuring the award was not raised in respondents' brief
on appeal, although it does suggest misconduct on the part of
the arbitrator in foreclosing the presentation of material and
pertinent evidence on that issue. Nor did respondents make a
claim of misconduct on petitioners' part before the motion court.
Respondent did offer proof in opposition to the CPLR article 78
petition that the similarly placed employee received the heat
days benefit only in 2000 because of a malfunctioning air
conditioning system thereby contradicting petitioners' represen-
tations on the issue deemed dispositive by the arbitrator, but
the arbitrator had rejected such proof as incompetent because
respondent's witness never spoke to the similarly placed em-
ployee or checked the grievance step I, II or III records. Respon-

dent did not seek an adjournment of the hearing to perfect its offer of such proof.

It may well be that because all the proof did not come in at the hearing, petitioners are reaping the benefit of three heat days in the years 2001 and 2002 to which they are not entitled, and that the cost of this unjustified windfall regrettably comes out of the public fisc. That, however, would not afford a basis to vacate the award as to those years. Nor can the partial vacatur here be justified, as the motion court held, on the basis of the arbitrator's alleged misguided shifting of the burden of proof. That is not a cognizable basis to vacate an award. An arbitrator does not act irrationally when, in finding the testimony of one party credible, he or she points out that the other party failed to rebut such evidence. It is for the arbitrator, not the courts, to make findings of fact and credibility determinations (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 328 [1999]). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.