■ In the Matter of DAVID MORAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [846 NYS2d 162]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 21, 2006, which denied petitioner's motion to vacate an arbitration award and granted respondent's cross motion to confirm the award, unanimously affirmed, without costs.

Petitioner failed to meet his heavy burden of showing arbitrator misconduct or partiality by clear and convincing proof (*see* CPLR 7511 [b] [1] [i], [ii]; *Matter of Dember Constr. Corp. [New York Univ.]*, 190 AD2d 537 [1993]). His claim that the arbitrator fell asleep during critical portions of the proceeding was

contradicted by respondent's counsel, and there is no indication in the record that petitioner's attorney objected to the arbitrator's alleged dozing off. His claim that the arbitrator engaged in an ex parte communication with the complainant is unsupported by any evidence. Petitioner has not shown that the arbitrator's refusal to allow his lawyer to question the complainant as to any medication she may have been taking or to compel her to produce her diary resulted in the exclusion of material evidence (*see Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319, 323 [1976]). Finally, the arbitrator's determination of petitioner's credibility based on his demeanor is beyond judicial review (*see Matter of Haynes v New York City Dept. of Homeless Servs.*, 27 AD3d 330, 332 [2006]). Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.