In the Matter of ATLANTIC PURCHASING, INC., Respondent, v AIRPORT PROPERTIES II, LLC, Also Known as AIRPORT PROPERTIES II, INC. Appellant. [909 NYS2d 528]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Airport Properties II, LLC, also known as Airport Properties II, Inc., appeals from an order of the Supreme Court, Orange County (Ritter, J.), entered October 22, 2009, which denied its motion to vacate an award in the principal sum of $771,474.19 and granted the petition to confirm the award.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate judgment (*see* CPLR 7514 [a]).

The parties entered into a contract which provided, inter alia, that disputes arising thereunder would be arbitrated. In 2008 the petitioner, Atlantic Purchasing, Inc. (hereinafter Atlantic), claimed that it was owed more than $700,000 from the appellant, Airport Properties II, LLC, also known as Airport Properties II, Inc. (hereinafter Airport), for certain goods and services, and it demanded arbitration. In accordance with the contract, the arbitration of the claim was scheduled before an arbitrator appointed by the American Arbitration Association (hereinafter the AAA). According to Jay F. Jason, who is both counsel for

Airport and a principal thereof, on the second day of the arbitration hearing the arbitrator informed Jason that he had been the arbitrator in a prior unrelated proceeding in which Jason represented one of the parties. Jason also alleged in his affidavit that the arbitrator further advised that there was no need to disclose this "prior relationship" to the AAA since the arbitrator had ruled in favor of Jason's client at the prior arbitration. Jason did not object to the arbitrator continuing to act as the arbitrator in this dispute, nor did Jason inform the AAA about the conversation.

The arbitrator ruled in favor of Atlantic, which thereafter petitioned to confirm the award. Airport moved to vacate the award, claiming, inter alia, that the arbitrator's failure to timely and properly disclose his prior relationship with Jason was prejudicial to Airport. The Supreme Court denied Airport's motion and confirmed the award, finding, among other things, that Airport waived any claim that the arbitrator was biased since it did not raise any objection concerning the arbitrator until after the award had been rendered and that, in any event, there was no evidence of such bias. We agree.

An award rendered after an arbitration conducted pursuant to the terms of a contract may only be vacated upon one of the grounds set forth in CPLR 7511. Insofar as is pertinent here, that statute provides that an arbitration award shall be vacated upon the motion of a party to the arbitration "if the court finds that the rights of that party were prejudiced by . . . misconduct in procuring the award [or] partiality of an arbitrator appointed as a neutral" (CPLR 7511 [b] [1] [i], [ii]). However, a party can waive a contention that an arbitrator is not impartial by failing to raise that allegation upon becoming aware of the basis for the alleged bias or partiality, and thereafter participating in the arbitration (see Matter of Siegel [Lewis], 40 NY2d 687 [1976]; Matter of J.P. Stevens & Co. [Rytex Corp.], 34 NY2d 123 [1974]; Matter of Raitport v Salomon Smith Barney, Inc., 57 AD3d 904, 906 [2008]; Matter of Reilly v Progressive Ins. Co., 5 AD3d 776, 777 [2004]; Matter of Arner v Liberty Mut. Ins. Co., 233 AD2d 321 [1996]). Here, although the arbitrator should have disclosed the prior arbitration to the AAA and to both parties, the Supreme Court correctly concluded that Airport, "by failing to raise the issue of such circumstance, despite being informed of the same at the very beginning of the arbitration, waived any argument that it gave rise to a justifiable doubt as to the arbitrator's impartiality or independence, or as to bias, and is estopped from doing so now" (see Matter of Rothman v RE/MAX of N.Y., 274 AD2d 520 [2000]). In any event, there is no evi-

dence to demonstrate, or even suggest, that the prior arbitration had any effect upon the arbitrator's ability to be neutral in the instant matter. Accordingly, there was no basis for vacatur of the award pursuant to CPLR 7511 (b) (1) (ii).

Airport's remaining contentions are without merit. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.