■ In the Matter of MARIA COLLAZO, Appellant, v SUFFOLK COUNTY, Respondent. [25 NYS3d 609]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 30, 2012, the petitioner appeals from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated January 2, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner commenced this proceeding to vacate an arbitration award recommending certain disciplinary action against her with respect to her employment with Suffolk County. Contrary to the petitioner's contention, the Supreme Court correctly determined that the petitioner failed to show by clear and convincing evidence that any misconduct on the part of the arbitrator prejudiced her rights or the integrity of the arbitration process (*see Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]; *Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617, 617 [2007]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 779-780 [2005]; *cf. Matter of Goldfinger v Lisker*, 68 NY2d 225, 232 [1986]).

Moreover, contrary to the petitioner's contention, the charges against her were timely served within 18 months of her alleged misconduct in connection with her employment (*see Matter of Mikoleski v Bratton*, 249 AD2d 83, 84 [1998]; *Matter of Nagle v Bratton*, 245 AD2d 122, 122 [1997]).

The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the petition

to vacate the arbitration award. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.