(June 8, 2016)

■ A & L VILLAGE MARKET, INC., Respondent-Appellant, v 344 VILLAGE, INC., et al., Defendants, and VESTED BUSINESS BROKERS, LTD., et al., Appellants-Respondents. [33 NYS3d 402]—

In an action, inter alia, to recover damages for breach of contract, the defendants Vested Business Brokers, Ltd., and Christian Sippel appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (McCormack, J.), entered June 12, 2014, as denied that branch of their cross motion which was for an award of attorney's fees incurred in cross-moving to confirm an arbitration award, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion to vacate the arbitration award and granted that branch of the cross motion of the defendants Vested Business Brokers, Ltd., and Christian Sippel which was to confirm the award.

Ordered that the amended order is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiff to the defendants Vested Business Brokers, Ltd., and Christian Sippel.

In 2008, the plaintiff, A & L Village Market, Inc. (hereinafter the seller), engaged the defendant Vested Business Brokers, Ltd. (hereinafter Vested), as its broker to assist in the sale of its business. In May 2011, the seller commenced this action against, among others, Vested and one of its brokers, Christian Sippel (hereinafter together the brokers), as well as the buyers of its business, the defendants 344 Village, Inc., and Juan F.

Perez (hereinafter together the buyers), seeking, inter alia, to recover damages sustained in connection with the buyers' default on two promissory notes. In support of the cause of action against the brokers, the seller alleged that the brokers failed to adequately investigate the buyers' financial ability to purchase the business. Subsequently, the seller and the brokers entered into a stipulation to arbitrate their dispute. Following an arbitration hearing, the arbitrator found that the payment of the brokers' commission was fair and in accordance with the parties' contract and negotiations.

In November 2013, the seller moved pursuant to CPLR 7511 (b) (1) to vacate the arbitration award, and the brokers cross-moved, among other things, to confirm the arbitration award and for an award of attorney's fees incurred in cross-moving to confirm the award. In the order appealed from, the Supreme Court denied the seller's motion to vacate the arbitration award, granted that branch of the brokers' cross motion which was to confirm the award, and denied that branch of the brokers' cross motion which was for an award of attorney's fees. The brokers appeal, and the seller cross-appeals, from the amended order.

Contrary to the seller's contention, it failed to establish its entitlement to vacatur of the arbitration award pursuant to CPLR 7511 (b) (1) (i), (ii) or (iii) on the ground of partiality, misconduct, or irrationality. "[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d 731, 732 [2014]). Insofar as is relevant to this case, CPLR 7511 (b) (1) (i) and (ii) provide "that an arbitration award shall be vacated upon the motion of a party to the arbitration 'if the court finds that the rights of that party were prejudiced by . . . misconduct in procuring the award [or] partiality of an arbitrator appointed as a neutral' " (*Matter of Atlantic Purch., Inc. v Airport Props. II, LLC*, 77 AD3d 824, 825 [2010], quoting CPLR 7511 [b] [1] [i], [ii]). Moreover, "[a]n arbitration award may be vacated pursuant to CPLR 7511 (b) (1) (iii) where 'an arbitrator . . . exceeded his [or her] power,' which includes only those narrow circumstances in which the award 'violates public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Tarantino v MTA N.Y. City Tr. Auth.*, 129 AD3d 738, 739 [2015], quoting *Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864]*, 20 NY3d 1026, 1027 [2013]; *see Matter of Kowaleski [New York*

*State Dept. of Correctional Servs.],* 16 NY3d 85, 90 [2010]). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact' " (*Matter of Kowaleski [New York State Dept. of Correctional Servs.],* 16 NY3d at 91, quoting *Matter of Falzone [New York Cent. Mut. Fire Ins. Co.],* 15 NY3d 530, 534 [2010]; *see Matter of Aftor v Geico Ins. Co.,* 110 AD3d 1062, 1064 [2013]).

The arbitrator should have disclosed to the parties that he had been the arbitrator in a prior unrelated proceeding in which Vested was a party (*see Matter of J. P. Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 129-130 [1974]). Although the seller's attorney learned of the prior arbitration from the brokers' attorney a week after the hearing, the seller continued to actively participate in the arbitration process without raising any objections to the arbitrator. Under these circumstances, the seller waived any claims related to the alleged partiality of the arbitrator (*see Matter of Atlantic Purch., Inc. v Airport Props. II, LLC,* 77 AD3d at 825; *Matter of Glatzer v Glatzer,* 73 AD3d 1173, 1175 [2010]; *Matter of Namdar [Mirzoeff],* 161 AD2d 348, 349 [1990]; *Palmieri v Insurance Co. of N. Am.,* 67 AD2d 967 [1979]). In any event, the seller failed to establish that the prior arbitration had any effect upon the arbitrator's ability to be neutral in the instant matter (*see Matter of Atlantic Purch., Inc. v Airport Props. II, LLC,* 77 AD3d at 826; *see Matter of Government Empls. Ins. Co. v Schussheim,* 122 AD3d 849, 850 [2014]; *Lee v Omni Berkshire Place Hotel,* 302 AD2d 286, 287 [2003]; *Matter of Henry Quentzel Plumbing Supply Co. v Quentzel,* 193 AD2d 678, 678-679 [1993]). The seller also failed to demonstrate that the arbitrator committed misconduct, or that the arbitration award was irrational (*see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC,* 123 AD3d at 732; *Matter of Klein v GEICO Gen. Ins. Co.,* 109 AD3d 825, 825 [2013]).

The seller's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the seller's motion to vacate the arbitration award, and properly granted that branch of the brokers' cross motion which was to confirm the award.

Contrary to the brokers' contention, they were not entitled to an award of attorney's fees incurred in this post-arbitration litigation (*see Matter of Kassel v Citrin Cooperman & Co. LLC,* 107 AD3d 615, 615 [2013]; *cf. Matter of New York Merchants Protective Co., Inc. v RW Adart Poly, LLC,* 108 AD3d 554, 557 [2013]; *see generally Coby Elecs. Co., Ltd. v Toshiba Corp.,* 108

AD3d 419, 421 [2013]). Thus, the Supreme Court properly denied that branch of the brokers' cross motion which was for an award of attorney's fees incurred in cross-moving to confirm the arbitration award. The brokers' contention that they are entitled to an award of attorney's fees for litigating this appeal is not properly before this Court. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.