Matter of Grassel v Department of Educ. of the City of N.Y. (2018 NY Slip Op 01037)





Matter of Grassel v Department of Educ. of the City of N.Y.


2018 NY Slip Op 01037


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5699N 600009/14

[*1] In re Ronald Grassel, Petitioner-Appellant,
v
Department of Education of the City of New York, et al., Respondents-Respondents.


Ronald Grassel, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order, Supreme Court, New York County (Michael D. Stallman, J.), entered September 18, 2015, which denied the petition to vacate an arbitrator's determination terminating petitioner's employment as a tenured school teacher, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
The arbitrator's determination was rational and not arbitrary and capricious (Bolt v NYC Dept. of Educ, 2018 NY Slip Op 00090 [Jan 9, 2018], see generally City School Dist. of the City of N.Y. v McGraham, 75 AD3d 445, 450, 1st Dept 2010], affd 17 NY3d 917 [2011]), and Supreme Court properly concluded that petitioner failed to demonstrate by clear and convincing evidence that the arbitrator was biased against him (see Matter of Moran v New York City Tr. Auth., 45 AD3d 484 [1st Dept 2007]).
Testimony by five students who witnessed the incidents supported the conclusion that petitioner took a knife from the desk in the classroom and waved it around in order to get control of his class. Moreover, there was testimony by a student and a paraprofessional that supported the finding that petitioner also pulled a stool out from under a student in a separate incident on the same day.
Petitioner's due process rights were not violated by the arbitrator's denial of his late motions for additional discovery and request to call dozens of vaguely identified witnesses. Furthermore, petitioner was afforded additional time to obtain substitute counsel when his attorney, who was present and active during most of the proceedings, withdrew.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK