Matter of Miller Tabak & Co., LLC v Coppedge (2018 NY Slip Op 07656)





Matter of Miller Tabak & Co., LLC v Coppedge


2018 NY Slip Op 07656


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7576 655416/16

[*1]In re Miller Tabak & Co., LLC, et al., Petitioners-Appellants,
v
Roy F. Coppedge IV, Respondent-Respondent.


Fishman Decea & Feldman, Armonk (Thomas B. Decea of counsel), for appellants.
Elliot Felig & Associates, New York (Elliot Felig of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about December 14, 2017, which denied the petition to vacate an arbitration award and granted the cross petition to confirm the award, unanimously affirmed, without costs.
The arbitral award, inter alia, imposing joint and severable liability was not made in manifest disregard of the law (see generally Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471 [2006], cert dismissed 548 US 940 [2006]). Nor does it present any basis for concluding that the imposition of joint and several liability violates a public policy of the State (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599 [1st Dept 2012]).
Petitioners waived any claim of arbitrator bias based on one arbitrator's participation in a previous arbitration, which had been disclosed to the parties, by failing to raise any such claim or objection until the hearing was in progress (see Matter of Atlantic Purch., Inc. v Airport Props. II, LLC, 77 AD3d 824, 825 [2d Dept 2010]). In any event, there is no evidence to support any such claim (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK