Matter of Piller v Eisner (2019 NY Slip Op 04947)





Matter of Piller v Eisner


2019 NY Slip Op 04947


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-08968
2018-02444
 (Index No. 502856/17)

[*1]In the Matter of Abraham Piller, appellant,
v
Abraham Eisner, respondent.


Asher Fensterheim PLLC, White Plains, NY (Kelly P. Peters of counsel), for appellant.
Stahl & Zelmanovitz, New York, NY (Joseph Zalmanovitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated November 16, 2016, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 10, 2017, and (2) an amended order of the same court dated July 17, 2017. The amended order denied the petition, dismissed the proceeding, and confirmed the arbitration award.
ORDERED that the appeal from the order dated July 10, 2017, is dismissed, as the order was superseded by the amended order dated July 17, 2017; and it is further,
ORDERED that the amended order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In April 2006, the petitioner entered into a nominee agreement with the respondent to develop certain real property owned by the petitioner. Pursuant to the nominee agreement, on or about April 11, 2006, the petitioner conveyed multiple parcels of land comprising the property to New Pines Villas, LLC (hereinafter New Pines). The respondent was the sole member of New Pines and held all right, title, and interest to New Pines as trustee, for the benefit of the petitioner. The respondent was entitled to a percentage of the profits realized from the development of the property. Disputes arose, and a prior action commenced by the petitioner and others against the respondent and New Pines was discontinued with prejudice after the petitioner and the respondent entered into a settlement agreement in 2013. The settlement agreement provided that the petitioner was the beneficial owner of the property, and that the parties would arbitrate all issues that arose under the nominee agreement before an independent arbitrator.
After a dispute arose concerning, inter alia, the respondent's conveyance of a portion of the property (hereinafter parcel A), the parties proceeded to arbitration. Following a hearing, the arbitrator rendered an interim award dated July 6, 2016, and a final award dated November 16, 2016. The petitioner commenced this proceeding to vacate the arbitration award dated November 16, 2016. [*2]He contended that the arbitrator was biased, engaged in misconduct, and rendered a decision outside the scope of the arbitration agreement, and that the arbitration award dated November 16, 2016, was not a final award. The Supreme Court denied the petition, dismissed the proceeding, and confirmed the arbitration award. The petitioner appeals.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479; see A & L Vil. Mkt., Inc. v 344 Vil., Inc., 140 AD3d 804, 805; Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731, 732). "An award rendered after an arbitration conducted pursuant to the terms of a contract may only be vacated upon one of the grounds set forth in CPLR 7511" (Matter of Atlantic Purch., Inc. v Airport Props. II, LLC, 77 AD3d 824, 825). When a party participates in an arbitration, under CPLR 7511, the "award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155; see CPLR 7511[b][1]; Matter of Dorney v Jayco, Inc., 159 AD3d 697, 698; Matter of BMW of N. Am., LLC v Burgos, 143 AD3d 980, 981).
"Even where the arbitrator makes a mistake of fact or law, or disregards the plain words of the parties' agreement, the award is not subject to vacatur unless the court concludes that it is totally irrational or violative of a strong public policy' and thus in excess of the arbitrator's powers" (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d at 155, quoting Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, 346). " A party seeking to overturn an arbitration [award] on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden. That party must establish a ground for vacatur by clear and convincing evidence'" (Matter of Subway Surface Supervisors Assn. v New York City Tr. Auth., 153 AD3d 1264, 1265, quoting Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683).
Here, we agree with the Supreme Court's denial of the petition to vacate the arbitration award, since the petitioner failed to meet his burden of proving, by clear and convincing evidence, that any impropriety on the part of the arbitrator prejudiced the petitioner's rights or the integrity of the arbitration process (see Matter of Collazo v Suffolk County, 136 AD3d 1027, 1027; Matter of Balis v Chubb Group of Ins. Cos., 50 AD3d 682, 683; Matter of Mounier v American Tr. Ins. Co., 36 AD3d 617, 617-618). "Mere allegations do not meet [the petitioner's] heavy burden of showing arbitrator misconduct or partiality by clear and convincing proof'" (Abreu v New York City Dept. of Educ., 43 Misc 3d 1215[A], 2014 NY Slip Op 50647[U] [Sup Ct, NY County], quoting Matter of Moran v New York City Tr. Auth., 45 AD3d 484, 484).
Furthermore, there was nothing contained in the settlement agreement that limited the arbitrator's authority to make a determination regarding the conveyance of parcel A and, therefore, the arbitrator's determination did not exceed a specifically enumerated limitation on his powers (see Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778; cf. Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91). Nor did the petitioner establish that the arbitrator reached an issue that was not raised by the parties (see Matter of Slocum v Madariaga, 123 AD3d 1046, 1046).
Moreover, contrary to the petitioner's contention, the award did not leave any matter submitted by the parties open for future contention and, therefore, was definite and final (see Matter of Meisels v Uhr, 79 NY2d 526, 536; Matter of Transport Workers Union of Greater N.Y., Local 100, AFL-CIO v New York City Tr. Auth., 151 AD3d 1067, 1068; Matter of Civil Serv. Empls. Assn. v County of Nassau, 305 AD2d 498, 497).
Accordingly, we agree with the Supreme Court's determination to deny the petition, dismiss the proceeding, and confirm the arbitration award.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court