In the Matter of CITY OF PEEKSKILL, Respondent, v LOCAL 456, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellant. [855 NYS2d 563]—

This proceeding concerns the arbitration of an employee disciplinary issue between the employee's union, Local 456, International Brotherhood of Teamsters (hereinafter the Union), and his employer, the City of Peekskill. The arbitration process is governed by a collective bargaining agreement.

The employee worked as a motor equipment operator for the City's Sanitation Department and had been employed for 22 years. His employment was terminated after testing positive for alcohol. The Union requested arbitration and, after a hearing, the arbitrator issued an award reinstating the employee to a different position with the City. The City petitioned to vacate the award and the Supreme Court granted the petition. We reverse.

" 'An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of County of Westchester v Doyle,* 43 AD3d 1055, 1056 [2007], quoting *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]; *see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Lo-*

*cal 100, AFL-CIO,* 6 NY3d 332, 336 [2005]). Here, the Supreme Court improperly found that the award was irrational and exceeded the arbitrator's authority.

An arbitration award is irrational if there is no proof to justify it or its construction of the provisions in dispute, in effect, creates a new contract for the parties (*see Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.,* 308 AD2d 452, 453 [2003]). Here, the arbitrator cited evidence to support his conclusion that the City did not have cause to terminate the employment. "The mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award" (*Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383 [1960]).

Short of complete irrationality, arbitrators may do justice and fashion the remedy to fit the facts before them, subject to the interdictions of public policy as set forth in the Constitution, statutes, and decisional law (*see Matter of Panton v Allstate Ins. Co.,* 173 AD2d 831 [1991]). Here, the arbitrator did not exceed his powers in fashioning a remedy, since he did not add to, subtract from, or modify the collective bargaining agreement (*see Matter of Board of Educ. of Mt. Sinai Union Free School Dist. v Mt. Sinai Teachers' Assn.,* 139 AD2d 733, 734 [1988]).

Accordingly, the order of the Supreme Court must be reversed and the arbitration award reinstated. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.