■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v CHERYL SCHUSSHEIM, Appellant. [996 NYS2d 688]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Cheryl Schussheim appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 16, 2013, which denied her motion pursuant to CPLR 7511 (b) to vacate an arbitration award and to schedule a new hearing before a different arbitrator.

Ordered that the order is affirmed, with costs.

"[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a 'heavy burden' " (*Matter of Denaro v Cruz*, 115 AD3d 742, 742-743 [2014], quoting *Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp.*, 21 AD3d 901, 901 [2005]; *see Matter of Allstate Ins. Co. v Valeri*, 221 AD2d 337, 338 [1995]). The movant

has to demonstrate that vacatur is appropriate by clear and convincing evidence (*see Matter of Denaro v Cruz*, 115 AD3d at 742; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1096 [2011]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 780 [2005]).

Here, the appellant failed to establish by clear and convincing evidence that the arbitrator was biased against her and in favor of her adversary (*see Matter of Denaro v Cruz*, 115 AD3d at 742; *Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1440 [2007]). Moreover, the appellant's contention that the arbitrator had ex parte communications with opposing counsel about the case while they waited in the hearing room for the appellant, who was more than a half hour late to the hearing, is speculative.

The appellant also failed to demonstrate by clear and convincing evidence that she was deprived of an opportunity to present her case, as there were no stenographic minutes of the hearing itself to support such a claim (*see Matter of Broderick v Suffolk County Bar Assn.*, 157 AD2d 780 [1990]), and the evidence she submitted in support of her motion showed that she was not deprived of an opportunity to present her case. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.