◼ In the Matter of QUALITY BUILDING CONSTRUCTION, LLC, Respondent, v JAGIELLO CONSTRUCTION CORP., Appellant. [4 NYS3d 294]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 3, 2013, and to discharge a bond, Jagiello Construction Corp. appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated March 6, 2014, which, inter alia, denied its cross petition to vacate the arbitration award.

Ordered that the order is affirmed, with costs.

A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a "heavy burden" (*Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp.*, 21 AD3d 901, 901 [2005]; *see Matter of Denaro v Cruz*, 115 AD3d 742 [2014]; *Matter of Allstate Ins. Co. v Valeri*, 221 AD2d 337, 338 [1995]), and must establish a ground for vacatur by clear and convincing evidence (*see Matter of Susan*

*D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1095 [2011]). An arbitration award must be vacated if a party's rights were impaired by an arbitrator who "exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). An arbitrator exceeds his or her power where the "award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530 [2010]). An award will be vacated as indefinite only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy (*see Matter of Meisels v Uhr*, 79 NY2d 526 [1992]; *Hiscock v Harris*, 74 NY 108, 113 [1878]; *Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 44 [1987]).

Here, the appellant failed to establish by clear and convincing evidence that the award should be vacated pursuant to CPLR 7511 (b). The appellant contends that the arbitrator exceeded her power and made an indefinite award because the subject demand for arbitration misidentified the claimant seeking arbitration and the appellant lacked notice of the arbitration hearing. However, the Supreme Court properly determined that the appellant had the requisite notice of the arbitration hearing. Further, the misidentification of the claimant on the demand for arbitration served upon the appellant, which misidentification was due to a scrivener's error, was of no moment. The demand clearly referred to an agreement between the petitioner and the appellant dated May 20, 2010, containing an arbitration provision. Under the circumstances of this case, the appellant was not prejudiced by the misidentification.

Accordingly, the Supreme Court properly remitted the proceeding to the arbitrator to correct the misidentification, granted leave to the petitioner to renew the petition to confirm the arbitration award and to discharge a bond, and denied the appellant's cross petition to vacate the arbitration award. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.