■ In the Matter of PHILIP FAGAN, Appellant, v VILLAGE OF HARRIMAN, Respondent. [33 NYS3d 401]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated July 11, 2014, which denied the petition and confirmed the arbitration award.

Ordered that the judgment is affirmed, with costs.

Judicial review of an arbitrator's award is extremely limited (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *Matter of County of Nassau v Patalano*, 128 AD3d 694, 694 [2015]; *Matter of Reddy v Schaffer*, 123 AD3d 935, 936 [2014]) and the "party seeking to overturn an arbitration award" faces a heavy burden (*Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d 849, 849 [2014] [internal quotation marks omitted]; *see David v Byron*, 130 AD3d 772, 773 [2015]). "An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of City of Peekskill v Local 456, Intl. Bhd. of Teamsters*, 49 AD3d 730, 730 [2008] [internal quotation marks omitted]; *see* CPLR 7511 [b] [1] [iii]; *Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d 731, 732 [2014]). The petitioner must prove by clear and convincing evidence that vacatur is appropriate under one or more of these grounds (*see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp.*, 125 AD3d 973, 973-974 [2015]; *Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d at 849). "An [arbitration] award is irrational [if] there is no proof . . . to justify the award" (*Matter of Reddy v Schaffer*, 123 AD3d at 937). Moreover, an " 'arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be' " (*Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1095 [2011], quoting *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 730 [2009]).

Here, contrary to the petitioner's contentions, he failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the ground that it was irrational (*see Matter of Quality Bldg. Constr., LLC v Jagiello*

*Constr. Corp.*, 125 AD3d at 974; *Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d at 732; *Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d at 849; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d at 1095). There is evidentiary support for the award in the record, and it was not irrational (*see Matter of Reddy v Schaffer*, 123 AD3d at 937; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d at 1095; *Matter of City of Peekskill v Local 456, Intl. Bhd. of Teamsters*, 49 AD3d at 731). Furthermore, the record reflects that the arbitrator effected justice and properly applied his sense of law and equity to the facts as he found them to be (*see Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d at 730; *Matter of City of Peekskill v Local 456, Intl. Bhd. of Teamsters*, 49 AD3d 730 [2008]). Therefore, the Supreme Court properly denied the petition and confirmed the arbitration award (*see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d at 732). Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.