**35** STRUCTURE TEK CONSTRUCTION, INC., Respondent, v WATERVILLE HOLDINGS, LLC, Doing Business as SMUGGLER JACKS RESTAURANT, et al., Appellants, et al., Defendant. [35 NYS3d 215]—

In an action, inter alia, to foreclose a mechanic's lien, in which the plaintiff petitioned to confirm an arbitration award dated November 10, 2014, and the defendants Waterville Holdings, LLC, doing business as Smuggler Jacks Restaurant, and Noel Cannon moved to vacate the arbitration award, those defendants appeal from a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered April 9, 2015, which, upon an order of the same court entered March 5, 2015, granting the plaintiff's petition to confirm the arbitration award and denying their motion to vacate the award, is in favor of the plaintiff and against them in the principal sum of $254,735.29.

Ordered that the judgment is affirmed, with costs.

The plaintiff was hired by the defendant Waterville Holdings, LLC, doing business as Smuggler Jacks Restaurant, as a contractor in connection with the construction of a restaurant located on property owned by the defendant Noel Cannon (hereinafter together the defendants). Sometime thereafter, the plaintiff and the defendants became involved in a dispute about the construction of the subject restaurant. The plaintiff filed a mechanic's lien against the property. After the plaintiff commenced this action, inter alia, to foreclose on the mechanic's lien, the plaintiff and the defendants entered into a stipulation agreeing to resolve the dispute through arbitration. They also agreed that the Supreme Court would retain jurisdiction to review and enforce any resultant award.

After a hearing, the arbitrator, who was selected by the parties, issued an award in favor of the plaintiff in the principal sum of $254,735.29. Thereafter, the plaintiff petitioned pursuant to CPLR 7510 to confirm the arbitration award, and the defendants moved pursuant to CPLR 7511 to vacate the award. The Supreme Court granted the petition and denied the motion, and judgment was entered accordingly. The defendants appeal.

" '[J]udicial review of arbitration awards is extremely limited' " (*Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d 849, 849 [2014], quoting *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). A party seeking to overturn an arbitration award on one or more grounds set forth in CPLR 7511 (b) (1) bears a heavy burden (*see Matter of*

*Government Empls. Ins. Co. v Schussheim*, 122 AD3d at 849; *Matter of Denaro v Cruz*, 115 AD3d 742, 743 [2014]) to demonstrate that vacatur is appropriate by clear and convincing evidence (*see Matter of Government Empls. Ins. Co. v Schussheim*, 122 AD3d at 849-850; *Matter of Denaro v Cruz*, 115 AD3d at 743). An arbitrator "may do justice as he [or she] sees it, applying his [or her] own sense of law and equity to the facts as he [or she] finds them to be and making an award reflecting the spirit rather than the letter of the agreement" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479-480; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 535 [2010]).

Here, the plaintiff and the defendants agreed to submit their dispute to an arbitrator, and the record does not reflect that the arbitrator made an award that was irrational (*cf. Matter of Slocum v Madariaga*, 123 AD3d 1046, 1047 [2014]), or that the award violated a strong public policy or clearly exceeded a specifically enumerated limitation on the arbitrator's power (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d at 535; *Matter of New York Cent. Lines, LLC v Vitale*, 82 AD3d 1244, 1244 [2011]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award and denied the defendants' motion to vacate the award. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.