Matter of Civil Serv. Employees Assn. v Board of Trustees of the Mount Vernon Pub. Lib. (2019 NY Slip Op 09262)





Matter of Civil Serv. Employees Assn. v Board of Trustees of the Mount Vernon Pub. Lib.


2019 NY Slip Op 09262


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-09473
 (Index No. 50849/18)

[*1]In the Matter of Civil Service Employees Association, etc., respondent, 
v
Board of Trustees of the Mount Vernon Public Library, appellant.


Jackson Lewis P.C., White Plains, NY (Michael A. Frankel of counsel), for appellant.
Charny & Wheeler, P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a portion of an arbitration award dated October 23, 2017, the Board of Trustees of the Mount Vernon Public Library appeals from an amended judgment of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated May 29, 2018. The amended judgment granted the petition and remitted the matter to a different arbitrator for further proceedings.
ORDERED that the amended judgment is affirmed, with costs.
The petitioner, a labor union representing employees of the Mount Vernon Public Library (hereinafter the Library), filed a grievance, alleging, inter alia, that the Board of Trustees of the Library (hereinafter the Board) violated Article III, section (1)(b) of the parties' collective bargaining agreement (hereinafter the CBA) by failing to retroactively correct a salary inequality between the Library employees and certain City Hall employees. Under the cited provision of the CBA, which the parties refer to as the "pay parity provision," the Board was obligated to "actively pursue" funding "to maintain the historic link between the salaries of the Library and the City Hall CSEA employees," and such funding was to be applied retroactively if necessary "to correct an inequality."
The grievance procedure was unsuccessful in resolving the dispute, and the parties submitted to an arbitrator the question of whether the Board violated the pay parity provision of the CBA, as well as the question of, if a violation was found, what was the appropriate remedy. After a hearing, the arbitrator determined that the Board had violated the cited provision of the CBA, and that the Library employees were therefore entitled to a retroactive salary increase. The arbitrator then directed that the retroactive salary increase would be conditioned upon excision of the pay parity provision from the CBA going forward.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the portion of the arbitration award which called for excision of the pay parity provision from the CBA. In an amended judgment dated May 29, 2018, the Supreme Court granted the petition and remitted the matter to a different arbitrator for a new hearing and determination of the manner and timing of the "parity payments." The Board appeals.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479), and courts may only vacate an arbitrator's award on the grounds specified in CPLR 7511(b). Where, as here, the asserted ground for vacatur under that statute is an excess of power (see CPLR 7511[b][1][iii]), an arbitrator's award may only be vacated where it "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of City of Peekskill v Local 456 Intl. Bhd. of Teamsters, 49 AD3d 730).
In the present case, after concluding that the petitioner's interpretation of the pay parity provision was correct, that the provision was violated, and that a retroactive salary increase was warranted, the arbitrator exceeded his power by essentially rewriting the parties' contract to eliminate the pay parity provision going forward (see Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany], 27 AD3d 979, 981; Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N.Y. City Tr. Police Dept., 129 AD2d 708, 708-709; Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org., 104 AD2d 594, 597; see generally Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383).
Accordingly, we agree with the Supreme Court's determination vacating the portion of the arbitration award that conditioned relief upon excision of the pay parity provision from the CBA, and remitting the matter to a different arbitrator for a new hearing and determination on limited issues (see CPLR 7511[d]; cf. Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn., 62 AD3d 992, 994).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court