Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp. (2020 NY Slip Op 06124)





Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp.


2020 NY Slip Op 06124


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-09092
 (Index No. 2927/17)

[*1]In the Matter of CEO Business Brokers, Inc., respondent, 
v
1431 Utica Avenue Corp., etc., et al., appellants.


Thomas Torto, New York, NY, for appellants.
Law Offices of Gary E. Rosenberg, P.C. (Borchert & LaSpina, P.C., Whitestone, NY [Gregory M. LaSpina], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 14, 2017, 1431 Utica Avenue Corp. and Domenick Landriscina appeal from an amended judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered May 23, 2018. The amended judgment, upon an order of the same court entered September 20, 2017, granting the petition to confirm the arbitration award and denying the cross motion of 1431 Utica Avenue Corp. and Domenick Landriscina to vacate the arbitration award, is in favor of the petitioner and against 1431 Utica Avenue Corp. and Domenick Landriscina in the total sum of $176,779.13.
ORDERED that the amended judgment is affirmed, with costs.
In December 2015, 1431 Utica Avenue Corp. and its owner and president, Domenick Landriscina (hereinafter together the Utica Avenue parties), entered into an agreement with the petitioner, a business broker, giving it the exclusive right to sell the Utica Avenue parties' business for a period of 12 months. The agreement provided, inter alia, that the Utica Avenue parties would pay the petitioner 10% of the listing price of the business if they unilaterally cancelled the agreement, or refused to or were unable to comply with the terms of the agreement. Approximately 6 months later, the Utica Avenue parties began to demand that the petitioner release them from the agreement. The petitioner served the Utica Avenue parties with a notice of default and, in August 2016, with a demand for arbitration.
On March 14, 2017, after a hearing, an arbitrator issued an award in favor of the petitioner. The petitioner then commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award, and the Utica Avenue parties cross-moved to vacate the award on the grounds that the award was irrational and procured by misconduct. In an order entered September 20, 2017, the Supreme Court granted the petition and denied the Utica Avenue parties' cross motion. Subsequently, an amended judgment was entered in favor the petitioner and against the Utica Avenue parties. The Utica Avenue parties appeal.
"'[J]udicial review of arbitration awards is extremely limited'" (Matter of Piller v [*2]Eisner, 173 AD3d 1035, 1036, quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973 [citations and internal quotation marks omitted]). An arbitration award may be vacated on the ground that the arbitrator exceeded his or her power where the "'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (id. at 974, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see CPLR 7511[b][1][iii]; Matter of Dedvukaj v Shkreli, 180 AD3d 895). "An award is irrational only where there is no proof whatever to justify the award" (Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683). In addition, pursuant to CPLR 7511(b)(1)(i), an arbitration award may be vacated on the ground that the rights of a party were prejudiced by "misconduct in procuring the award" (see Matter of Gassman Baiamonte Gruner, P.C. v Katz, 164 AD3d 790, 791).
"Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326).
Here, contrary to the Utica Avenue parties' contention, the arbitration award was not irrational. The award was supported by proof, including the parties' contract and the hearing testimony (see Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d at 683; Matter of Fagan v Village of Harriman, 140 AD3d 868, 869). Furthermore, the Utica Avenue parties failed to establish by clear and convincing evidence that any alleged misconduct of the petitioner's counsel at the arbitration hearing prejudiced their rights (see CPLR 7511[b][1][i]; Matter of Gassman Baiamonte Gruner, P.C. v Katz, 164 AD3d at 791).
Accordingly, we agree with the Supreme Court's determination granting the petition to confirm the arbitration award and denying the Utica Avenue parties' cross motion to vacate the award.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court