Matter of Hempstead Classroom Teachers Assn. v Hempstead Union Free Sch. Dist. (2022 NY Slip Op 02000)





Matter of Hempstead Classroom Teachers Assn. v Hempstead Union Free Sch. Dist.


2022 NY Slip Op 02000


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-06449
 (Index No. 615080/18)

[*1]In the Matter of Hempstead Classroom Teachers Association, respondent, 
v
Hempstead Union Free School District, appellant.


The Scher Law Firm, LLP, Carle Place, NY (Austin Graff and Jonathan L. Scher of counsel), for appellant.
Robert T. Reilly, New York, NY (Oriana Vigliotti of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated September 27, 2018, in which the Hempstead Union Free School District cross-petitioned, inter alia, to vacate the award, the Hempstead Union Free School District appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered April 4, 2019. The order granted the petition to confirm the arbitration award and denied the cross petition, inter alia, to vacate the arbitration award.
ORDERED that the order is affirmed, with costs.
In September 2016, the Hempstead Classroom Teachers Association (hereinafter the Teachers Association), which represents teachers within the Hempstead Union Free School District (hereinafter the District), filed a demand for arbitration against the District in connection with changes made by the District to the schedules of certain classroom teachers within the District for the 2016-2017 school year. The Teachers Association alleged that the District had assigned classroom teachers at a middle school in the District to teach a sixth class period per school day without additional compensation. Thereafter, in an opinion and award dated September 27, 2018, the arbitrator determined that, based on the absence of an express term in the parties' collective bargaining agreement (hereinafter the CBA) and the District's past practices of compensating teachers who taught a sixth class period, the District had violated the CBA. Thereafter, the Teachers Association filed a petition pursuant to CPLR article 75 to confirm the arbitration award. The District filed a cross petition, inter alia, to vacate the award. In an order entered April 4, 2019, the Supreme Court granted the petition of the Teachers Association and denied the District's cross petition. The District appeals. We affirm.
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795, citing Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). A court will vacate an arbitration award "on the ground that the arbitrator exceeded his [or her] powers within the meaning of CPLR 7511(b)(1)(iii) only where the arbitrat[ion] award violates a strong [*2]public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050 [internal quotation marks omitted]; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). Moreover, "[i]t is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 82-83). Even where an arbitrator has made an error of law or fact, courts generally may not disturb the arbitrator's decision (see id. at 83).
Here, the Supreme Court properly confirmed the arbitration award. Contrary to the District's contention, the arbitrator's interpretation of the CBA was not irrational, and did not effectively rewrite the agreement. Further, the arbitrator did not exceed her authority by construing the CBA's terms in light of evidence submitted by the Teachers Association showing that, in the past, the District provided additional compensation to classroom teachers who taught a sixth period (see Matter of City of Middletown v Weissinger, 188 AD3d 670, 671; Matter of Piller v Eisner, 173 AD3d 1035, 1037).
The District's remaining contention is without merit.
Accordingly, we affirm the order.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court