Matter of Ashourzadeh v Hedvat (2022 NY Slip Op 06700)

Matter of Ashourzadeh v Hedvat

2022 NY Slip Op 06700

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-00852 
2020-04750
 (Index No. 605716/17)

[*1]In the Matter of Kourosh Ashourzadeh, etc., appellant,
v
Afshin Hedvat, etc., respondent.

Stephen G. Reddan, Valley Stream, NY, for appellant.
Steven Cohn, P.C., Carle Place, NY (Peter Chatzinoff of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, for the judicial dissolution of 229 White Plains, LLC, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered December 19, 2019, and (2) an order of the same court entered May 7, 2020. The order entered December 19, 2019, granted the respondent's motion pursuant to CPLR 7510 to confirm an arbitration award dated February 11, 2019. The order entered May 7, 2020, denied the petitioner's motion for leave to renew and reargue his opposition to the respondent's motion to confirm the arbitration award.
ORDERED that the appeal from so much of the order entered May 7, 2020, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered December 19, 2019, is affirmed; and it is further,
ORDERED that the order entered May 7, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In 2017, the petitioner commenced this proceeding, inter alia, for the judicial dissolution of 229 White Plains, LLC. On November 7, 2018, while this proceeding was pending, the parties signed a document entitled "Agreement To Resolve Dispute" (hereinafter the agreement), by which they agreed to have certain persons decide the dispute encompassed by this proceeding "for final and binding resolution." On February 11, 2019, the parties received a written decision with regard to their dispute (hereinafter the award).
Subsequently, the respondent moved herein pursuant to CPLR 7510 to confirm the award. The petitioner opposed the motion. In an order entered December 19, 2019, the Supreme Court granted the respondent's motion.
Thereafter, the petitioner moved, inter alia, for leave to renew his opposition to the respondent's motion to confirm the award. The respondent opposed the motion. In an order entered May 7, 2020, the Supreme Court, among other things, denied that branch of the petitioner's motion. The petitioner appeals from the December 19, 2019 and May 7, 2020 orders.
"Arbitration is a matter of contract, grounded in agreement of the parties" (Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 927 [internal quotation marks omitted]). Judicial review of an arbitration award is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479; A & L Vil. Mkt., Inc. v 344 Vil., Inc., 140 AD3d 804, 805; see also CPLR 7511). The court shall confirm an arbitration award "unless the award is vacated . . . upon a ground specified in section 7511" (CPLR 7510).
Here, the petitioner failed to show that the award should be vacated upon any ground specified in CPLR 7511, e.g., that the award was procured by fraud, or that there was no arbitration award to confirm because the parties had participated in only nonbinding mediation. The agreement constituted a valid and binding agreement to arbitrate (see Blizzard Cooling, Inc. v Park Devs. & Bldrs., Inc., 134 AD3d 867, 869), and the petitioner is bound by its terms despite his conceded failure to read the agreement (see Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788; see also Matter of Charles S. Fields Inc. v American Hydrotherm Corp., 5 AD2d 647, 649; cf. Pimpinello v Swift & Co., 253 NY 159, 163; cf. also Matter of Sztejn v Columbia Bristle & Soft Hair Corp., 267 App Div 94, 95). Accordingly, contrary to the petitioner's contention, the Supreme Court properly granted the respondent's motion to confirm the award without conducting a hearing.
Further, the Supreme Court properly denied that branch of the petitioner's motion which was for leave to renew his opposition to the respondent's motion to confirm the award. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). Here, the petitioner failed to demonstrate that the alleged new fact would have changed the court's prior determination that the parties entered into a valid and binding arbitration agreement and that there was no basis to vacate the award.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court