Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP (2023 NY Slip Op 05496)

Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP

2023 NY Slip Op 05496

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07399
 (Index No. 516188/18)

[*1]Jewish Press, Inc., appellant, 
v
Meltzer, Lippe, Goldstein & Breitstone, LLP, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Thomas J. McGowan and Stephen W. Livingston of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover a retainer, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 13, 2021. The order and judgment granted the defendant's motion to confirm an arbitration award dated December 2, 2019, denied the plaintiff's cross-motion to vacate the arbitration award, and is in favor of the defendant and against the plaintiff in the principal sum of $66,383.70.
ORDERED that the order and judgment is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover a retainer that it had paid to the defendant, a law firm. The plaintiff and the defendant engaged in arbitration on the plaintiff's claim for a refund of the retainer and the defendant's claim of legal fees owed to it by the plaintiff. The arbitrator found that the defendant had established its claim against the plaintiff and issued an arbitration award in the defendant's favor. The defendant moved to confirm the arbitration award, and the plaintiff cross-moved to vacate the arbitration award. In an order and judgment dated July 13, 2021, the Supreme Court granted the defendant's motion to confirm the arbitration award, denied the plaintiff's cross-motion to vacate the arbitration award, and awarded the defendant the principal sum of $66,383.70. The plaintiff appeals.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "'Unless an arbitration award violates a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's powers, it may not be vacated'" (Matter of Papa v DePaola, 171 AD3d 1186, 1187, quoting Matter of Verille v Jeanette, 163 AD3d 830, 830 [internal quotation marks omitted]). "The party seeking to vacate an arbitration award bears a heavy burden of proving by clear and convincing evidence that impropriety by the arbitrator prejudiced that party's rights or impaired the integrity of the arbitration process" (Matter of Papa v DePaola, 171 AD3d at 1187 [internal quotation marks omitted]; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973).
"'Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies'" (Matter of Papa v DePaola, 171 AD3d at 1187, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326). "'A court cannot examine the merits of an arbitration award and substitute its judgment [*2]for that of the arbitrator simply because it believes its interpretation would be the better one'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 326).
Here, the plaintiff failed to satisfy its burden of establishing by clear and convincing evidence that the arbitration award should be vacated on the ground that the plaintiff's rights were prejudiced or that the integrity of the arbitration process was impaired by misconduct or manifest disregard of the law (see Matterof NRT N.Y., LLC v St. Arromand, 216 AD3d 641, 642; Matter of Fagan v Village of Harriman, 140 AD3d 868, 868; Matter of Government Empls. Ins. Co. v Schussheim, 122 AD3d 849, 850). Moreover, the plaintiff failed to demonstrate that the arbitrator exceeded a specifically enumerated limitation on the arbitrator's powers or that the arbitration award violated public policy (see Matter of Hempstead Classroom Teachers Assn. v Hempstead Union Free Sch. Dist., 203 AD3d 1046, 1047; Matter of Piller v Eisner, 173 AD3d 1035, 1037; Matter of Reddy v Schaffer, 123 AD3d 935, 937). Contrary to the plaintiff's contention, there is evidentiary support for the arbitration award, and it was not irrational (see Matter of Hempstead Classroom Teachers Assn. v Hempstead Union Free Sch. Dist., 203 AD3d at 1047; Matter of Fagan v Village of Harriman, 140 AD3d at 868; Matter of Reddy v Schaffer, 123 AD3d at 937).
Accordingly, the Supreme Court properly granted the defendant's motion to confirm the arbitration award, denied the plaintiff's cross-motion to vacate the arbitration award, and awarded the defendant the principal sum of $66,383.70.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court