Matter of Protrade Sys., Inc. v Nanovibronix, Inc. (2026 NY Slip Op 01791)

Matter of Protrade Sys., Inc. v Nanovibronix, Inc.

2026 NY Slip Op 01791

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-09529
2022-09891
2023-04090
 (Index No. 604350/22)

[*1]In the Matter of Protrade Systems, Inc., respondent,
vNanovibronix, Inc., appellant.

Pierson Ferdinand, LLP, New York, NY (Christina Bost Seaton of counsel), for appellant.
Horn Wright, LLP, Garden City, NY (Charles Horn of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 15, 2022, Nanovibronix, Inc., appeals from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered October 3, 2022, (2) a judgment of the same court entered November 3, 2022, and (3) an order of the same court entered March 21, 2023. The order entered October 3, 2022, denied the motion of Nanovibronix, Inc., to vacate the arbitration award and granted the petition to confirm the arbitration award. The judgment, upon the order entered October 3, 2022, is in favor of the petitioner and against Nanovibronix, Inc., in the total sum of $1,812,793.89. The order entered March 21, 2023, denied the motion of Nanovibronix, Inc., for leave to renew and reargue its prior motion to vacate the arbitration award and its opposition to the petition, to modify the arbitration award, and for a stay of enforcement of the judgment pending determination of its appeals from the order entered October 3, 2022, and the judgment.
ORDERED that the appeal from the order entered October 3, 2022, is dismissed, as that order was superseded by the judgment; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered March 21, 2023, as denied that branch of the motion of Nanovibronix, Inc., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Fox v Gross, 219 AD3d 584, 584); and it is further,
ORDERED that the appeal from so much of the order entered March 21, 2023, as denied that branch of the motion of Nanovibronix, Inc., which was for a stay of enforcement of the judgment pending determination of its appeals from the order entered October 3, 2022, and the judgment is dismissed as academic; and it is further,
ORDERED that the order entered March 21, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
In April 2022, the petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated March 15, 2022, against Nanovibronix, Inc. (hereinafter Nanovibronix). Nanovibronix thereafter moved to vacate the arbitration award. In an order entered October 3, 2022, the Supreme Court denied the motion and granted the petition. On November 3, 2022, a judgment was entered, upon the order entered October 3, 2022, in favor of the petitioner and against Nanovibronix in the total sum of $1,812,793.89, and Nanovibronix appeals from the order entered October 3, 2022, and the judgment. Subsequently, Nanovibronix moved for leave to renew and reargue its prior motion to vacate the arbitration award and its opposition to the petition, to modify the arbitration award, and for a stay of enforcement of the judgment pending determination of its appeals from the order entered October 3, 2022, and the judgment. In an order entered March 21, 2023, the court denied Nanovibronix's motion, inter alia, for leave to renew and reargue its prior motion to vacate the arbitration award, and Nanovibronix appeals from the order entered March 21, 2023.
"Judicial review of an arbitration award is extremely limited" (Matter of Noval v MAS-UNY, 234 AD3d 970, 971). CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including, as relevant here, where the award was procured by fraud (see id. § 7511[b][1][i]) or the arbitrator exceeded her or his power in making the award (see id. § 7511[b][1][iii]). "'Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one'" (Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326). "'The burden is on the movant to establish grounds for vacatur by clear and convincing evidence'" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 233 AD3d 862, 863, quoting Matter of City of Yonkers v Police Benevolent Assn. of the City of Yonkers, 210 AD3d 765, 767).
Here, Nanovibronix failed to establish that the arbitration award violated a strong public policy, was irrational, was procured by fraud, or clearly exceeded a specifically enumerated limitation of the arbitrator's power (see CPLR 7511[b]; Matter of Henry v New York State Workers' Compensation Bd., 230 AD3d 1241, 1242; Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP, 221 AD3d 594, 596). Moreover, Nanovibronix failed to establish by clear and convincing evidence that the arbitration award should be vacated on the ground that its rights were prejudiced by the arbitrator's failure to follow proper procedure (see Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP, 221 AD3d at 595-596; Matter of NRT N.Y., LLC v St. Arromand, 216 AD3d 641, 642). Accordingly, the Supreme Court properly denied Nanovibronix's motion to vacate the arbitration award and properly granted the petition to confirm the arbitration award.
"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' and 'shall contain [a] reasonable justification for the failure to present such facts on the prior motion'" (Matter of Tauber v Gross, 216 AD3d 1066, 1069, quoting CPLR 2221[e][2], [3]). Here, Nanovibronix failed to present new facts not offered on its prior motion to vacate the arbitration award that would change the prior determination (see Matter of Glauber v G & G Quality Clothing, Inc., 227 AD3d 992, 994; Matter of Ashourzadeh v Hedvat, 210 AD3d 979, 980-981; Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188).
Contrary to Nanovibronix's contention, the Supreme Court properly denied that branch of Nanovibronix's motion which was to modify the arbitration award. CPLR 7511(c)(1) provides, in relevant part, that the court may modify an award if there was a miscalculation of figures. Here, the record provides no support for Nanovibronix's contention that there was a miscalculation of figures in the arbitrator's award, and there is no other valid basis for modifying the award (see Matter of Scher Law Firm, LLP v 87-10 51st Ave. Owners Corp., 52 AD3d 611, 612; Matter of Cupero v Herman, 50 AD3d 791, 791). Moreover, the arbitrator's reliance on the [*2]petitioner's evidence to calculate damages reflected a substantive decision made on the merits, which cannot be corrected under CPLR 7511(c)(1) (see Matter of Morris White Fashions, Inc. [Susquehanna Mills, Inc.], 295 NY 450, 456; Matter of City of Troy [Village of Menands], 48 AD2d 733, 734).
Nanovibronix's remaining contentions are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court