# FIRST DEPARTMENT, AUGUST, 1983

## (August 4, 1983)

■ In the Matter of the Arbitration between ASOMA (BANGKOK) Co., LTD., Respondent, and THAI FLOURITE PROCESSING Co., LTD., Appellant. — Order and judgment (one paper), Supreme Court, New York County (Thomas Galligan, J.), entered November 1, 1982, which granted petitioner's motion to confirm an arbitration award and denied respondent's cross motion to vacate said award, affirmed, with costs and disbursements. The only issue which divides us is whether respondent was properly served with a notice of the time and place of the arbitration hearing. We affirm, since this record is barren of any competent evidence that respondent changed its address from the second floor, Klongton House, 982 Sukhumvit Soi 71, Bangkok, Thailand, to 956 Sukhumvit 71 (Prakanong-Klongton) on November 17, 1981, or that Mr. Sudjai Limwathanagura, upon whom personal service was effected by hand delivery to someone in his office, did not return to his office until June 9, 1982, as contended. These allegations appear in an "Answering Affidavit" by an associate in respondent's law firm, who obviously has no personal knowledge and makes no pretense that she does. They also appear in an unverified six-page document denominated "Cross-Motion for Order to Vacate Arbitration Award." While there is a so-called verification in the record, it is worthless. It

is executed by one Narumol Limwathanagura, allegedly an authorized director of respondent, and purports to verify an "Answer to the Order to show cause, and the Petition for Order to vacate", of which there is neither in this record. Interestingly enough, Mr. Sudjai Limwathanagura, the peripatetic director — whose good fortune it was to be away until June 9, two days after the arbitration hearing, and presumably a relative of Miss Narumol Limwathanagura — did not execute the verification or submit an affidavit. Respondent's claim of lack of notice of the time and place of the arbitration hearing should be considered in light of its past performance in these proceedings — it failed to respond to the notice of intent to arbitrate (sent to No. 982 Sukhumvit 71 on July 29, 1981, where, concededly, respondent did business at the time), and it subsequently defaulted on the petition to compel arbitration (again the papers were sent to No. 982 Sukhumvit 71 at a time before respondent allegedly moved). Concur — Sullivan, Milonas and Kassal, JJ.

Murphy, P. J., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We think enough has been shown to warrant a hearing as to whether the required notice of the arbitration hearing (CPLR 7506, subd [b]) was properly addressed to respondent, and if it was not, as to whether respondent in fact received notice of the arbitration hearing in time to do anything about it, and we would remand for a hearing on that issue.