■ FINANCIAL CLEARING & SERVICES CORPORATION, Respondent, v THOMAS THEODORE, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Michael J. Dontzin, J.), entered March 27, 1989 which, *inter alia,* granted petitioner's motion to confirm an arbitration award, unanimously affirmed, with costs.

Respondent, maintaining that he never received petitioner's notice of intention to arbitrate this dispute, attempted to commence a CPLR 7511 proceeding to vacate the arbitration award on that ground in Supreme Court, Nassau County, and obtained a temporary restraining order against the petitioner barring it from enforcing the arbitration award. Petitioner, however, commenced the instant proceeding to confirm the award, alleging that it was never properly served with the Nassau County petition or temporary restraining order. By the time the application to confirm the arbitration award was returnable, the Nassau County temporary restraining order barring enforcement of the award had expired. In this proceeding, petitioner established that its notice of intention to arbitrate and other prearbitration hearing notices had been served upon respondent in conformity with CPLR 7503 (c). Respondent never cross-moved to dismiss this proceeding on the ground that another action was pending, never cross-moved in this proceeding to vacate the arbitration award on the ground that petitioner had failed to follow the procedure set forth in CPLR article 75, never moved to hold petitioner in contempt in Supreme Court, Nassau County, alleging violation of its restraining order, and neglected to schedule a traverse hearing as to the validity of service upon Financial Clearing &

Services Corporation before that court. Further, in this proceeding, respondent failed to submit any affidavit or to make any other competent denial of receipt of the notice of intention to arbitrate.

The arbitration agreement, on its face, states that proceedings to confirm or vacate an arbitration award will be brought in New York County, not Nassau County. In this posture, Supreme Court properly found that the presumption of regularity applied to petitioner's service of the notice of intention to arbitrate (see, Matter of Sea Ins. Co. v Hopkins, 91 AD2d 998; Matter of Asoma [Bangkok] Co. [Thai Flourite Processing Co.], 96 AD2d 773, affd 61 NY2d 721). Additionally, at the time the application to confirm the award was heard, petitioner was not subject to any restraint emanating from Nassau County Supreme Court, whose prior restraining order in any event failed to unambiguously bar petitioner's service of a petition to confirm the arbitration award. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.