■ In the Matter of JOHN P. LYDEN, Respondent, v ROBERT C. BELL, JR., Appellant. [649 NYS2d 33] —In a proceeding pursuant to CPLR 7510, *inter alia,* to confirm an arbitration award, in which a judgment of the Supreme Court, Westchester County, entered January 25, 1995, confirmed the award, Robert C. Bell, Jr., appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 28, 1995, which denied his motion to vacate and/or modify the award.

Ordered that the order is affirmed, with costs.

The instant proceeding pursuant to CPLR 7510 was commenced by the petitioner in November 1994 to confirm an arbitration award dated October 17, 1994, which was in his favor and against the appellant, Robert C. Bell, Jr. The return date of the petition was December 16, 1994.

By notice of motion dated December 12, 1994, Bell sought an

adjournment of the proceeding or a stay of any judgment entered by the court confirming the arbitration award. Bell contended that he had 90 days from the date of the arbitration award, i.e., until January 17, 1995, to apply to the court to vacate or modify the award pursuant to CPLR 7511 (a), and that he intended to make such an application.

In an order entered January 10, 1995, the Supreme Court granted the petitioner's application to confirm the arbitration award and denied Bell's motion, holding, *inter alia,* that his remedy "was to cross-move to vacate". A judgment entered January 25, 1995, confirmed the award. No appeal was taken by Bell from the order or the judgment.

Thereafter, Bell moved by notice of motion dated January 12, 1995, to vacate and/or modify the arbitration award. In an order entered March 28, 1995, the Supreme Court denied Bell's motion on the ground that his "time to move to vacate and/or modify expired simultaneously with the expiration of [his] time to respond to petitioner's application to confirm". Bell contends that he had until January 20, 1995, i.e., 90 days from delivery of the arbitration award to him, pursuant to CPLR 7511 (a), to move to vacate the award. We disagree.

The first judicial proceeding addressed to an arbitration award may be either a proceeding by a party to confirm the award pursuant to CPLR 7510 or a proceeding by a party to vacate and/or modify the award pursuant to CPLR 7511 (a). The former proceeding must be commenced "within one year after its delivery to him" (CPLR 7510), while the latter proceeding must be made "within ninety days after [its] delivery to him" (CPLR 7511 [a]). The 90-day period may be effectively lengthened if the first judicial proceeding addressed to the award is one to confirm and is commenced after the 90-day period, but within the one-year period. Under those circumstances, a party may, by cross motion to vacate, oppose the petition for confirmation on any of the grounds in CPLR 7511 even though his time to commence a separate proceeding to vacate or modify under CPLR 7511 (a) has expired (*see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C7510:1, C7511:1; Alexander, 1991 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7511:1, 1996 Pocket Part, at 206). In the same vein, the 90-day period can be effectively shortened when, as in the instant matter, the first judicial proceeding addressed to the award is one to confirm and is commenced well within the 90-day period. Under these circumstances, a cross motion to vacate must be made within the proceeding to confirm so that these two

mirror issues, i.e., confirmation and vacatur, can be expeditiously decided together (see, CPLR 7510, 7511 [e]).

Accordingly, the Supreme Court properly held that Bell's motion to vacate and/or modify the arbitration award was untimely (see generally, Financial Clearing & Servs. Corp. v Theodore, 161 AD2d 362; Matter of Ricciardi [Travelers Ins. Co.], 102 AD 2d 871). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.