■ In the Matter of KIRCHHOFF-CONSIGLI CONSTRUCTION MANAGEMENT, LLC, Respondent, v MECHTRONICS CORPORATION, Appellant. [41 NYS3d 235]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Mechtronics Corporation appeals (1) from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 2, 2015, which granted the petition to confirm the arbitration award and denied its cross motion to vacate the arbitration award, (2) from a judgment of the same court, also dated March 2, 2015, which, upon the order dated March 2, 2015, is in favor of the petitioner and against it in the principal sum of $924,286.04, and (3) from so much of an order of the same court dated May 29, 2015, as denied that branch of its

motion which was for leave to renew its prior cross motion to vacate the arbitration award, which had been denied in the order dated March 2, 2015.

Ordered that the appeal from the order dated March 2, 2015, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further;

Ordered that the order dated May 29, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order dated March 2, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a heavy burden (*see Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp.*, 21 AD3d 901 [2005]; *Matter of Allstate Ins. Co. v Valeri*, 221 AD2d 337, 338 [1995]). That party must establish a ground for vacatur by clear and convincing evidence (*see Matter of Denaro v Cruz*, 115 AD3d 742, 742-743 [2014]; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1096 [2011]).

An award is irrational only where there is no proof whatever to justify the award (*see Matter of Reddy v Schaffer*, 123 AD3d 935, 937 [2014]; *Matter of Gaymon v MTA Bus Co.*, 117 AD3d 735, 736 [2014]; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d at 1095; *Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729-730 [2009]). Here, contrary to the appellant's contentions, the subject arbitration award is supported by proof, including the parties' contract, the drawings by the appellant's architect, and hearing testimony. Moreover, the arbitrator did not exceed his power in making the award (*see Matter of Aftor v Geico Ins. Co.*, 110 AD3d 1062, 1064 [2013]). The appellant also failed to establish that the arbitrator was biased, or that his denial of its request for an adjournment of the hearing was improvident (*see Motor Veh. Acc. Indem. Corp. v NYC E.-W. Acupuncture, P.C.*, 77 AD3d 412 [2010]).

Finally, that branch of the appellant's motion which was for leave to renew its prior cross motion to vacate the award was properly denied, as the appellant offered no justification for

failing to present the new facts on the prior cross motion, and those facts would not change the prior determination (*see* CPLR 2221 [e]). Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.