In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 12, 2015, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered February 6, 2017, which denied the petition, dismissed the proceeding, and confirmed the award.
 

 Ordered that the judgment is affirmed, with costs.
 

 The petitioner was employed as a Senior Civil Engineer by the respondent, Suffolk County Department of Public Works. In 2014, the petitioner was charged with misconduct for, inter alia, accessing unauthorized websites for non-County use and acting in an immoral manner during working hours, including viewing inappropriate material of a sexually explicit nature. Thereafter, the matter proceeded to consensual arbitration on the charges. Following a hearing, the arbitrator found the petitioner guilty of misconduct and imposed a penalty of termination. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. The Supreme Court, in a judgment entered February 6, 2017, denied the petition, dismissed the proceeding, and confirmed the award.
 

 “A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511 (b) (1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence” (Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973 [2015] [citations and internal quotations marks omitted]; see Matter of Subway Surface Supervisors Assn. v New York City Tr. Auth., 153 AD3d 1264 [2017]; Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683 [2016]). “A court may vacate an arbitration award on the ground that the arbitrator ‘exceeded his [or her] powers’ within the meaning of CPLR 7511 (b) (1) (iii) ‘only where the arbitrator’s award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator’s power’ ” (Matter of Romaine v New York City Tr. Auth., 82 AD3d 986, 987 [2011], quoting Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; see Matter of Krausz v Ashkenazi, 147 AD3d 949, 950 [2017]). Additionally, “[u]nder CPLR 7511 (b) (1) (ii), an arbitration award may be vacated if the rights of a party were prejudiced by the partiality of the arbitrator” (Matter of Reddy v Schaffer, 123 AD3d 935, 936 [2014]).
 

 Here, the petitioner failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the ground that it was irrational. The arbitrator’s determination was supported by evidence in the record, and was not irrational (see Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d 530, 531 [2017]; Matter of Fagan v Village of Harriman, 140 AD3d 868, 868-869 [2016]). Furthermore, nothing in the record indicates that the arbitrator exceeded a specifically enumerated limitation on the arbitrator’s power (see Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d 738, 739 [2015]).
 

 The petitioner’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly denied the petition, dismissed the proceeding, and confirmed the award.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.