Matter of Panos v Mid Hudson Med. Group, P.C. (2022 NY Slip Op 02801)

Matter of Panos v Mid Hudson Med. Group, P.C.

2022 NY Slip Op 02801

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2019-00148
 (Index No. 52551/18)

[*1]In the Matter of Spyros Panos, appellant,
v
Mid Hudson Medical Group, P.C., respondent.

Gabriel Fischbarg, New York, NY, for appellant.
Jackson Lewis, P.C., White Plains, NY (Mary A. Smith and John D. Bryan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a portion of an arbitration award dated May 17, 2018, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated November 27, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondent, Mid-Hudson Medical Group, P.C., incorrectly sued herein as Mid Hudson Medical Group, P.C. (hereinafter MHMG), was a multispecialty medical group that provided medical and health care services in the mid-Hudson Valley region. MHMG hired the petitioner, Spyros Panos, as a physician in 1999. In 2011, Panos was terminated from his employment with MHMG following an investigation that revealed that he had been submitting fraudulent medical bills to insurance providers. Ultimately, Panos pleaded guilty in federal district court to a prosecutor's information charging one count of health care fraud, as it related to his fraudulent billing scheme at MHMG covering the period between 2006 and 2011.
Panos subsequently commenced an action, among other things, to recover damages for breach of contract related to his former employment with MHMG. The parties were directed to proceed to arbitration pursuant to the terms of their employment agreement. MHMG thereafter moved in the arbitration proceeding, inter alia, for summary judgment dismissing Panos's claims, arguing, among other things, that pursuant to the faithless servant doctrine, Panos was not entitled to compensation he otherwise would have received under the parties' employment agreement.
On May 17, 2018, an assigned arbitrator issued an award, inter alia, granting that branch of MHMG's motion which was for summary judgment dismissing Panos's claims. Panos then commenced this proceeding to vacate so much of the arbitration award as granted that branch of MHMG's motion. On November 27, 2018, the Supreme Court denied the petition and dismissed the proceeding. Panos appeals, and we affirm.
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795, citing Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). Pursuant [*2]to CPLR 7511(b)(1)(iii), a court may only vacate an arbitrator's award that "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050). Additionally, an award may be vacated where "it exhibits a 'manifest disregard of law'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480, quoting Duferco Intern. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 388 [2d Cir]). The burden is on the movant to establish grounds for vacatur by clear and convincing evidence (see Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d at 1050; Matter of Government Empls. Ins. Co. v Schussheim, 122 AD3d 849, 849).
"To modify or vacate an award on the ground of manifest disregard of the law, a court must find 'both that (1) the arbitrator[ ] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[ ] was well defined, explicit, and clearly applicable to the case'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 481, quoting Wallace v Buttar, 378 F3d 182, 189 [2d Cir]). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 730; see Matter of T & C Home Design, LLC v Stylecraft Corp., 140 AD3d 777, 778). Therefore, manifest disregard of the law is "a doctrine of last resort limited to the rare occurrences of apparent 'egregious impropriety' on the part of the arbitrators" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480, quoting Duferco Intern. Steel Trading v T. Klaveness Shipping A/S, 333 F3d at 389; see Matter of Gassman Baiamonte Gruner, P.C. v Katz, 164 AD3d 790, 790).
The faithless servant doctrine holds that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928, citing Restatement [Second] of Agency § 469). It makes no "difference that the services were beneficial to the principal, or that the principal suffered no provable damage as a result of the breach of fidelity by the agent" (Feiger v Iral Jewelry, 41 NY2d at 928-929).
Panos contends that he is owed additional compensation for legitimately performed tasks during his period of employment at MHMG. This Court has recognized the right of an agent who breaches his or her duty of loyalty to nonetheless receive compensation where "(1) the parties had agreed that the agent will be paid on a task-by-task basis (e.g., a commission on each sale arranged by the agent), (2) the agent engaged in no misconduct at all with respect to certain tasks, and (3) the agent's disloyalty with respect to other tasks 'neither tainted nor interfered with the completion of' the tasks as to which the agent was loyal" (Phansalkar v Andersen Weinroth & Co., L.P., 344 F3d 184, 205 [2d Cir], quoting Musico v Champion Credit Corp., 764 F2d 102, 114 [2d Cir]; see G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 103, affd 10 NY3d 941).
In support of that branch of its motion which was for summary judgment dismissing Panos's claims, MHMG submitted, inter alia, Panos's 2010 employment agreement, his stockholder agreement, and the transcript of Panos's criminal plea allocution to one count of health care fraud. MHMG established, prima facie, that Panos was a faithless servant and that he was not paid on a task-by-task basis within the meaning of the law. MHMG also established that Panos "engaged in repeated acts of disloyalty," and therefore "complete and permanent forfeiture of compensation, deferred or otherwise, [was] warranted under the faithless servant doctrine" (William Floyd Union Free School Dist. v Wright, 61 AD3d 856, 859; accord City of Binghamton v Whalen, 141 AD3d 145, 148; Matter of Blumenthal [Kingsford], 32 AD3d 767, 768). In opposition, Panos failed to raise a triable issue of fact.
Thus, Panos failed to demonstrate that the arbitrator manifestly disregarded the law in granting that branch of MHMG's motion which was for summary judgment dismissing Panos's claims.
Panos's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court