Matter of Long Beach Professional Firefighters Assn. v City of Long Beach (2023 NY Slip Op 01193)

Matter of Long Beach Professional Firefighters Assn. v City of Long Beach

2023 NY Slip Op 01193

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-12420
 (Index No. 609688/19)

[*1]In the Matter of Long Beach Professional Firefighters Association, etc., respondent, 
v
City of Long Beach, appellant.

Bond Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel and Terry O'Neil of counsel), for appellant.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated January 22, 2019, the City of Long Beach appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated October 21, 2019. The order granted the petition to confirm the arbitration award and denied the cross-motion of the City of Long Beach to dismiss the petition or, in the alternative, to reassign the petition, and to vacate the arbitration award.
ORDERED that the order is affirmed, with costs.
The petitioner, Long Beach Professional Fire Fighters Association (hereinafter the union), and the City of Long Beach entered into a collective bargaining agreement (hereinafter the CBA) covering the period from July 1, 2004, through June 30, 2010, and thereafter continued pursuant to the Triborough Law (see Civil Service Law § 209-a[1][e]; Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 7 NY3d 458, 466). Firefighters and any municipal employees assigned to the fire department were covered by the CBA.
In early 2015, the City hired several paramedics, and unilaterally set their terms of employment. The union filed a grievance and, when the grievance was denied, filed a demand for arbitration. Following the City's unsuccessful proceeding to stay arbitration of so much of the union's grievance as related to the paramedics (see Matter of City of Long Beach v Long Beach Professional Fire Fighters Assn., Local 287, 161 AD3d 855; hereinafter the prior proceeding), the arbitrator issued an award determining that the City violated certain provisions of the CBA when it set contrary terms and conditions of the paramedics' employment. Specifically, the City violated Articles 3(A), 12(A), and 28(G) of the CBA when it required paramedics to work 12 hour shifts, required paramedics to pay 10% of the cost of their health care plan, and calculated the paramedics' hourly pay rate based on 2088 work hours per year, respectively.
The union commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. The City cross-moved pursuant to CPLR 7502(a)(iii) to dismiss the petition or, in the alternative, to reassign the petition to the Justice who presided over the prior proceeding, and to vacate the arbitration award. The Supreme Court granted the petition to confirm the award and [*2]denied the City's cross-motion. The City appeals.
Pursuant to CPLR 7502(a)(iii), the proper procedure would have been for the union to move to confirm the arbitration award in the prior proceeding (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). However, the Supreme Court properly disregarded the defect pursuant to CPLR 103(c) (see Matter of Wicks Constr., Inc. [Green], 295 AD2d 527, 528).
"Judicial review of arbitration awards is extremely limited" (Kotlyar v Khlebopros, 176 AD3d 793, 795, citing Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). Pursuant to CPLR 7511(b)(1)(iii), a court may vacate an arbitrator's award that "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336; see Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1017-1018). Additionally, an award may be vacated where "it exhibits a 'manifest disregard of law'" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480, quoting Duferco Intern. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 388 [2d Cir]). The burden is on the movant to establish grounds for vacatur by clear and convincing evidence (see Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1018; Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050).
Here, the City failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the grounds that it was irrational (see Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d 1045, 1046; Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683), or exhibited a manifest disregard of the law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480; Matter of County of Rockland v Civil Serv. Empl. Assn., Inc., 93 AD3d 721, 722; cf. Civil Service Law § 209-a[1][d]). Additionally, the City failed to establish that the arbitrator engaged in misconduct (see Dedvukaj v Parlato, 136 AD3d 733, 734; Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d 878, 879), or that the award violated public policy (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327; Matter of County of Nassau v Sheriff's Officers Assn., 294 AD2d 31, 35).
Finally, although the Supreme Court erred in determining that the City's cross-motion was untimely (see Matter of Lyden v Bell, 232 AD2d 562, 563; Karlan Constr. Co. v Burdick Assoc. Owners Corp., 166 AD2d 416, 417), and in declining to consider the City's reply papers, such errors were harmless inasmuch as the court considered the City's arguments in support of its cross-motion as made in opposition to the petition to confirm, and the arguments raised in the reply papers were without merit (see Matter of Chautauqua County Dept. of Social Servs. v Rita M.S., 94 AD3d 1509, 1514).
Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award, and properly denied the City's cross-motion.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court