Matter of NRT N.Y., LLC v Arromand (2023 NY Slip Op 02313)

Matter of NRT N.Y., LLC v Arromand

2023 NY Slip Op 02313

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-03671
 (Index No. 515092/20)

[*1]In the Matter of NRT New York, LLC, etc., appellant, 
v
Jeffrey St. Arromand, respondent.

Margolin & Pierce, LLP, New York, NY (Errol F. Margolin of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 29, 2020, the petitioner appeals from a judgment of the Supreme Court, Kings County (François A. Rivera, J.), dated January 4, 2021. The judgment denied the petition, confirmed the arbitration award, and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner, a real estate brokerage firm, and the respondent, a real estate broker, engaged in arbitration on the petitioner's claim for money allegedly owed by the respondent to the petitioner. The arbitration award found that the petitioner did not establish its claim against the respondent. The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. In a judgment dated January 4, 2021, the Supreme Court denied the petition, confirmed the arbitration award, and dismissed the proceeding. The petitioner appeals.
"Judicial review of arbitration awards is extremely limited" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1017 [internal quotation marks omitted]). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973 [citations and internal quotation marks omitted]). Here, the petitioner failed to satisfy its burden of establishing by clear and convincing evidence that the arbitration award should be vacated on the ground that its rights were prejudiced by the arbitrator's failure to follow proper procedure (see Matter of Denaro v Cruz, 115 AD3d 742, 743) or on any other ground. Accordingly, we affirm the judgment denying the petition, confirming the arbitration award, and dismissing the proceeding.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court