Matter of Umala v Met-Sunnyside, Inc. (2025 NY Slip Op 06866)

Matter of Umala v Met-Sunnyside, Inc.

2025 NY Slip Op 06866

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-12203
 (Index No. 708406/23)

[*1]In the Matter of Maria Umala, appellant,
vMet-Sunnyside, Inc., etc., et al., respondents.

Lee Litigation Group, PLLC, New York, NY (C. K. Lee of counsel), for appellant.
Kim, Lim & Partners, Flushing, NY (Sean S. Kwak of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated February 1, 2023, as denied the petitioner's claim that under 29 CFR 785.18 she was entitled to compensation for breaks from work that lasted from 5 to 20 minutes, in which the respondents cross-petitioned, inter alia, to confirm that portion of the arbitration award, the petitioner appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 13, 2023. The order, insofar as appealed from, denied the petition to vacate so much of the arbitration award as denied the petitioner's claim that under 29 CFR 785.18 she was entitled to compensation for breaks from work that lasted from 5 to 20 minutes and granted that branch of the cross-petition which was to confirm that portion of the award.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner was employed by the respondents as a cashier. The petitioner asserted various federal and state law wage and hour claims against the respondents, which were eventually resolved in an arbitration. The petitioner claimed, inter alia, that the respondents were required to pay her, as contemplated by 29 CFR 785.18, for breaks from work that lasted from 5 to 20 minutes, regardless of how the breaks were spent (hereinafter the subject claim). In an award dated February 1, 2023, the arbitrator found, among other things, that the breaks related to the subject claim were meal breaks under 29 CFR 785.19 that did not require compensation.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate so much of the arbitration award as denied the subject claim on the ground that the arbitrator exhibited a manifest disregard of the law with respect to the subject claim. The respondents cross-petitioned to confirm the award. In an order entered September 13, 2023, the Supreme Court, inter alia, denied the petition and granted that branch of the cross-petition which was to confirm so much of the award as denied the subject claim. The petitioner appeals.
"[J]udicial review of arbitration awards is extremely limited" (Matter of Richardson v Markovich, 227 AD3d 999, 1000 [internal quotation marks omitted]; see Matter of Rivera v New York City Tr. Auth., 216 AD3d 644, 645). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Kotlyar v Khlebopros, 176 AD3d 793, 795; see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 [*2]AD3d 1230, 1230). Generally, courts are bound by an arbitrator's factual findings and judgments concerning remedies (see Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 947; Matter of Dedvukaj v Shkreli, 180 AD3d 895, 897). Nonetheless, "an award may be vacated where 'it exhibits a manifest disregard of law'" (Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d 735, 736 [internal quotation marks omitted], quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480; see Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP, 221 AD3d 594, 595-596). To modify or vacate an award on this ground, "'a court must find both that (1) the arbitrator[ ] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[ ] was well defined, explicit, and clearly applicable to the case'" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1018 [internal quotation marks omitted], quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 481).
Here, the petitioner failed to establish by clear and convincing evidence that the subject portion of the arbitration award exhibited a manifest disregard of the law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 481; Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 737; Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1019). Accordingly, the Supreme Court properly denied the petition to vacate so much of the arbitration award as denied the subject claim and granted that branch of the cross-petition which was to confirm that portion of the award.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court