Matter of Titan Realty & Constr., LLC v Himrod Dev., LLC (2026 NY Slip Op 00251)

Matter of Titan Realty & Constr., LLC v Himrod Dev., LLC

2026 NY Slip Op 00251

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-07273
2024-07274
 (Index No. 612670/23)

[*1]Matter of Titan Realty & Construction, LLC, respondent, 
vHimrod Development, LLC, appellant.

Kishner Miller Himes P.C., New York, NY (Scott M. Himes and Carolyn Kruk of counsel), for appellant.
Canfield Ruggiero, LLP, Melville, NY (John P. Ruggiero of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 28, 2023, Himrod Development, LLC, appeals from (1) an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), dated July 11, 2024, and (2) a judgment of the same court entered July 17, 2024. The order granted the petition to confirm the arbitration award and denied the cross-motion of Himrod Development, LLC, inter alia, to vacate the arbitration award. The judgment, upon the order, is in favor of the petitioner and against Himrod Development, LLC, in the total sum of $524,769.26.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner, Titan Realty & Construction, LLC (hereinafter Titan), commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award that was based on a contract between Titan and Himrod Develoment, LLC (hereinafter Himrod), for the construction of a building. Himrod opposed the petition and cross-moved, inter alia, to vacate the arbitration award. The Supreme Court granted the petition and denied Himrod's cross-motion. A judgment was then entered in favor of Titan and against Himrod in the total sum of $524,769.26. Himrod appeals.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479; see Matter of Briscoe Protective, LLC v North Fork Surgery Ctr., LLC, 215 AD3d 956, 957). In a proceeding pursuant to CPLR article 75, an arbitration award may be vacated if it "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Long Beach Professional [*2]Firefighters Assn. v City of Long Beach, 214 AD3d 735, 736 [internal quotation marks omitted]), or "where 'it exhibits a manifest disregard of law'" (id. [internal quotation marks omitted], quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 480). "'An award is irrational only where there is no proof whatever to justify the award'" (Matter of J-K Apparel Sales Co., Inc. v Esposito, 189 AD3d 1045, 1046, quoting Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683). "To . . . vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 481 [internal quotation marks omitted]; see Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1018). However, "'[a]n arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be'" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1018, quoting Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 730). "The burden is on the movant to establish grounds for vacatur by clear and convincing evidence" (Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1018).
Here, Himrod failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the grounds that it was irrational or exhibited a manifest disregard of the law (see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 737; Matter of Panos v Mid Hudson Med. Group, P.C., 204 AD3d at 1019). Accordingly, the Supreme Court properly granted the petition to confirm the arbitration award and denied Himrod's cross-motion, inter alia, to vacate the arbitration award.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court